UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 26-62045-CIV-CANNON

MARLENE LOPEZ, *as next friend on behalf of* YAJAIRA GABRIELA CASTRO CARIAS,

　　　Petitioner,

v.

ICE-ERO MIRAMAR CENTER *and* ASSISTANT FIELD OFFICE DIRECTOR,

　　　Respondents.

_____/

## ORDER DISMISSING PETITION AND CLOSING CASE

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the record.  Marlene Lopez ("Ms. Lopez") has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on behalf of her sister, **Yajaira Gabriela Castro Carias** ("Petitioner") [ECF No. 1].  The Petition argues that Petitioner's continued immigration detention is not justified because it interferes with Petitioner's ability to obtain necessary medical treatment [ECF No. 1 pp. 6–8].  However, Ms. Lopez fails to provide an "adequate explanation" for why Petitioner is unable to bring the instant action on her own behalf.  *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  Moreover, the claims raised in the Petition implicate the conditions of Petitioner's confinement and thus are not cognizable on habeas review.  Accordingly, the Petition [ECF No. 1] is **DISMISSED**.

1

\*\*\*

Title 28, Section 2242 allows for an application for writ of habeas corpus to be signed and verified either "by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The practice of bringing a lawsuit on another's behalf, as their "next friend," is uncommon, though at times "useful or even necessary." *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978).[1] To qualify as a party's "next friend," a person must both (1) provide an "adequate explanation" of why the real party in interest is unable to proceed and (2) demonstrate a true dedication to the best interests of the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). But even where a representative qualifies for "next friend status," that individual cannot proceed *pro se* because *pro se* litigants have no authority to represent anyone other than themselves. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel"); *see also Weber*, 570 F.2d at 514 ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law"); *Warner v. Sch. Bd. Of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at \*3 (11th Cir. May 8, 2024); *Cheema v. Warden, California City Det. Facility*, No. 1:26-CV-00203, 2026 WL 124841, at \*2 (E.D. Cal. Jan. 16, 2026) ("[P]ro se litigants have no authority to represent anyone other than themselves") (report and recommendation); *Tarasov v. Facility Director, Mesa Verde ICE Processing Facility*, No. 1:26-CV-00450, 2026 WL 181554, at \*1 (E.D. Cal. Jan. 23, 2026) ("Although the federal habeas corpus statute permits a 'next friend' to pursue a habeas action on behalf of another in certain circumstances . . . the statute does not authorize the 'next friend' to proceed without an attorney")

---

[1] All decisions "of the United States Court of Appeals for the Fifth Circuit" handed down on or before September 30, 1981, are binding in the Court of Appeals for the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

(report and recommendation) (citations omitted).  Further, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."  *Weber*, 570 F.2d at 514.

Ms. Lopez does not qualify for next-friend status on the present record.  Although the Court fully accepts Ms. Lopez's good faith efforts to serve the best interests of her brother, Ms. Lopez's general statements regarding Petitioner's deteriorating health, standing alone, fail to adequately allege a reason that Petitioner is unable to proceed in this action on her own behalf.  *See Whitmore*, 495 U.S. at 163 [*see* ECF No. 1-1 p. 4].  Therefore, without more, the record does not permit the requisite finding that Petitioner is sufficiently unavailable within the rubric of *Whitmore* to permit next friend status.  *See Whitmore*, 495 U.S. at 163 (listing "inaccessibility, mental incompetence, or other disability" as "adequate explanation[s]" for why the petitioner cannot proceed on their own).  Therefore, this Court is without jurisdiction to consider the Petition.  *See Weber*, 570 F.2d at 514; *see also Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition").

Additionally, even if the Petition were deemed sufficient to establish "next friend" status, as stated, *pro se* litigants have no authority to represent anyone other than themselves.  *See, e.g.*, 28 U.S.C. § 1654; *Warner*, 2024 WL 2053698 at *3; *Cheema*, 2026 WL 124841 at *2; *Tarasov*, 2026 WL 181554 at *1; *Giralt ex rel. Martin-Martinez v. Hardin*, No. 26-cv-97, 2026 WL 289013, at *1 (M.D. Fla. Feb. 4, 2026); *cf. Weber*, 570 F.2d at 514.  Ms. Lopez attempts to litigate this action on behalf of her sister [*see* ECF No. 1-1 p. 4 ("As [Petitioner's] sister and as a United States citizen, I respectfully ask this Court to order my sister's release so she can receive the urgent

medical care she needs while her immigration case continues")], yet at no point does she indicate that she is an attorney licensed to practice before this Court.  Ms. Lopez is therefore not eligible to proceed *pro se*.

Finally, the Petition raises claims challenging the conditions of Petitioner's current confinement.  The Petition specifically argues that Petitioner is entitled to habeas relief in this case because she is not receiving adequate medical treatment during her detention [*see* ECF No. 1 pp. 6–8 ("Petitioner's continued immigration detention violates her due process [rights] under the Fifth Amendment of the United States Constitution *because of her serious medical condition and the need for immediate medical care*" (emphasis added)); *see also* ECF No. 1-1 pp. 4, 18–29 (describing, through sworn declarations, the extent of Petitioner's health complications and citing those complications as the reason Petitioner is entitled to release)].  The Eleventh Circuit has held that such claims are not cognizable on habeas review.  *See Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("Petitioner's § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement" (citations omitted)); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (describing the difference between habeas corpus and civil rights actions generally and noting that "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate . . . civil rights action"); *cf. Matos v. Lopez Vega*, 614 F. Supp. 3d 1158, 1168 (S.D. Fla. 2020) (declining to recognize an exception to "the inapplicability of writs of habeas corpus to constitutional confinement claims" because "release from custody is not an available remedy" for conditions claims implicating the conditions of one's confinement (citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990))).  Therefore, Petitioner cannot challenge the conditions of her immigration confinement via the instant Petition.  *See Vaz*, 634

F. App'x at 780–81 (affirming district court's dismissal of habeas petition in part because claim of inadequate medical care was not properly raised in a § 2241 habeas petition).

\*\*\*

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2.      All pending motions are **DENIED AS MOOT**.

3.      The Clerk is directed to **CLOSE** this case.

4.      The Clerk is directed to **MAIL** a copy of this Order to the address listed below and thereafter file a Notice of Compliance.

**ORDERED** in Chambers in Fort Pierce, Florida, this 27th day of July 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     **Yajaira Gabriela Castro Carias,** *pro se*
A# 203529299
ICE-ERO Center Miramar
2805 S.W. 145th Avenue
Miramar, Florida 33027

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov

5